# United States District Court
# Northern District of Indiana
# Hammond Division

PAULA F. DIESKE,          )
                              )
        Plaintiff,         )
                              )
           v.            )      Civil Action No. 3:10-CV-28 JVB
                              )
CCS COMMERCIAL, LLC,     )
                              )
        Defendant.     )

## OPINION AND ORDER

Plaintiff Paula Dieske filed this case on December 28, 2009, in the St. Joseph County Superior Court. On January 22, 2010, Defendant CCS Commercial removed the case to this Court. On July 30, 2010, Defendant CCS Commercial filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).

## A. Background and Facts

Plaintiff had an insurance contract with Liberty Mutual Insurance that she cancelled in June 2008. Liberty Mutual claimed that Plaintiff owed it $231.41 under the contract and hired Defendant to collect the alleged debt. Plaintiff retained legal counsel in her dispute with Liberty Mutual and informed both Liberty Mutual and Defendant of this representation. Plaintiff claims that Defendant nevertheless contacted her directly by mail once and by phone several times.

On January 25, 2010, Defendant offered to settle the case for statutory damages of $1,000 plus the costs of the action, including filing fees and reasonable attorney's fees. Plaintiff rejected this offer. On July 30, 2010, Defendant filed a Motion to Dismiss for Lack of Jurisdiction

because its offer to pay Plaintiff all the available damages rendered the case moot. In response to the Motion to Dismiss, Plaintiff argued, for the first time, that she was also entitled to actual damages and that the case was still active because actual damages were not included in the settlement offer. Plaintiff's complaint made no reference to actual damages.

**B. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chi., Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir.1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir.1996).

**C. Discussion**

Article III of the Constitution requires there to be an existing case or controversy for a federal court to exercise judicial power. *United States Nat'l Bank of Or. v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). The case or controversy must exist at all stages of the proceeding, not merely at the time the case is filed. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "Once the defendant

offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, *Alliance to End Repression v. Chicago*, 820 F.2d 873 (7th Cir. 1987), and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).[1]

The Fair Debt Collection Practices Act allows a plaintiff to recover actual damages, if any, plus up to $1,000 in additional damages. 15 U.S.C. § 1692k(a). It also permits a successful plaintiff to recover court costs and reasonable attorney's fees. Because Plaintiff made no claim for actual damages in her complaint, the Defendant's offer of $1,000 plus costs accrued and reasonable attorney's fees represents the most she could hope to recover on the basis of her complaint.

The Court will not consider Plaintiff's claims for actual damages because they were not raised in her complaint and Plaintiff did not follow the proper procedure to raise them. A party may not raise new claims in a brief opposing a motion to dismiss. *See Berry v. Chi. Transit Auth.*, __ F.3rd ___, 2010 WL 3294720 (7th Cir. Aug. 23, 2010) (plaintiff may not introduce new claims in brief opposing summary judgment).

Instead of dismissing the case, the Court has decided to enter judgment in favor of Plaintiff in accordance with Defendant's Rule 68 offer of judgement. *See O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 575 (6th Cir. 2009).

---

[1]This case could be dismissed outright, with Plaintiff receiving no damages. *See Greisz v. Household Bank (Ill.)*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("So by spurning the defendant's offer [Plaintiff's attorney] shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and [Plaintiff] lost $1,200."). However, the Court finds that such remedy would be too harsh under the circumstances and will allow recovery. *See O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 575 (6th Cir. 2009) ([T]he better approach is to enter judgment in favor of the plaintiffs in accordance with the defendant's Rule 68 offer of judgment").

**D. Conclusion**

Accordingly, the Court enters judgment in favor of Plaintiff in the amount of $1,000. Plaintiff may file a motion for costs and attorney's fees under Federal Rule of Civil Procedure 54(d). It should be noted, however, that Plaintiff can only recover costs and attorney's fees expended before she received the offer of judgment. *See Greisz v. Household Bank (Ill.)*, 176 F.3d 1012, 1015 (7thCir. 1999) ("Once a party has won his suit and obtained the attorney's fees that were reasonably expended on winning, additional attorney's fees would not be *reasonably* incurred.").

SO ORDERED on October 1, 2010.

  s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge